IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PITTSBURGH

| | |
|---|---|
| CARLA KINNARD,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>COMFORT INN, CHOICE HOTELS INTERNATIONAL, INC.,<br><br>　　　　　Defendants, | 2:23-CV-01333-MJH |

MEMORANDUM OPINION

On July 25, 2023, Plaintiff, Carla Kinnard, filed the present lawsuit against Comfort Inn and Choice Hotels Inc., alleging claims for racial discrimination and retaliation under 42 U.S.C. § 1981.[1] On September 6, 2024, Defendants filed a Motion for Summary Judgment, accompanying brief, and Concise Statement of Material Facts. (ECF Nos. 38, 39, & 41). On October 4, 2024, Plaintiff filed a Brief in Opposition to Defendants' Motion for Summary Judgment, Counter Concise Statement of Material Facts, and a response to Defendants' Concise Statement of Material Fact. (ECF Nos. 44-47). On October 18, 2024, Defendants filed a Reply to Plaintiff's Brief in Opposition. (ECF No. 49). All issues have been briefed and are ripe for decision. For the following reasons, Defendants' Motion for Summary Judgment will be granted.

I. **Statement of Facts**

On September 17, 2021, Plaintiff, Carla Kinnard, checked into the Comfort Inn, after mold was found in her apartment. (ECF No. 46, at 2). Ms. Kinnard's landlord, Robert Galitero, agreed

---

[1] In her Brief in Opposition, Ms. Kinnard withdrew her § 1981 retaliation claim. (ECF No. 47, at 5). Thus, only her § 1981 racial discrimination claim remains.

1

to pay for Ms. Kinnard's stay at the Comfort Inn and provided his credit card to the hotel when making the initial reservation. (ECF No. 40-1, at 19). Ms. Kinnard's initial reservation was scheduled to begin on September 17, 2021 and expire on September 21, 2021. (*Id.* at CoInn 000429-431). Ms. Kinnard testified that she believed she could extend her stay at the Comfort Inn as needed, because Mr. Galitero's credit card was on file. (*Id.* at 87). On September 21, 2021, Ms. Kinnard was asked to go to the front desk at the Comfort Inn because her room beyond September 21, 2021 was unpaid for. (*Id.* at 27). Ms. Kinnard went to the front desk and spoke with Debbie Costabile, an employee of Comfort Inn. (*Id.* at 29). Ms. Costabile told Ms. Kinnard that Mr. Galitero's credit card was not on file and that Mr. Galitero needed to come to the hotel to pay for the room. (*Id.*). Ms. Kinnard called Mr. Galitero to attempt to clarify the situation. (*Id.* at 31-32).

Ms. Kinnard and Ms. Costabile began to argue about the payment for the room, which caused a "scene." (*Id.* at 33-34); (ECF No. 40-3, at 38, 48). When Ms. Costabile refused to accept Mr. Galitero's credit card for future payments without further confirmation, Ms. Kinnard requested to speak with a supervisor. (ECF No. 40, at 31). The owner of the Comfort Inn, Mohammad Saleem, intervened and asked Ms. Kinnard to leave the hotel. (*Id.* at 31). Ms. Kinnard was given ten minutes to grab her belongings and leave the hotel. (*Id.* at 36). According to Mr. Saleem, if Ms. Kinnard was not asked to leave because of the expired payment authorization, she could have continued to stay as it "was obvious that she was looking for an extension." (ECF No. 46, at ¶ 28); (ECF No. 48, at ¶ 28). Mr. Saleem further testified that if Ms. Kinnard had paid for another night, then she "absolutely" could have stayed at Comfort Inn longer. (*Id.* at 18). Ms. Kinnard testified that, as she was leaving the hotel, Ms. Constabile called her the "n-word." (ECF No. 40-1, at 42). Ms. Coleman testified that she did not hear Ms. Costabile call Ms.

Kinnard a racial slur, but that she heard Ms. Kinnard respond to Ms. Costabile, saying, "you [] calling me no nigger." (ECF No. 45-2, at 37). After Ms. Kinnard had left the hotel, Mr. Galitero emailed his credit card authorization to the hotel front desk. (ECF No. 40, at CoInn 00450).

In addition to the alleged discriminatory events that transpired on September 21, 2021, Ms. Kinnard points to other instances of discrimination at Comfort Inn. Ms. Kinnard points to Google reviews from black guests at the Comfort Inn describing instances when they were subjected to racism, (ECF No. 45-8), PHRC Complaints alleging racism made by other guests at Comfort Inn, (ECF Nos. 45-4 & 45-5), and testimony in this case by Ms. Coleman describing Ms. Costabile's pattern of discriminating against black guests at Comfort Inn. (ECF No. 45-2, at 43-44).[2]

## II.    Relevant Legal Standard

According to Federal Rule of Civil Procedure 56, a court must grant summary judgment where the moving party "shows that there is no genuine dispute as to any material fact" and the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). For a dispute to be genuine, there must be "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party." *Moody v. Atl. City Bd. of Educ.*, 870 F.3d 206, 213 (3d Cir. 2017) (internal quotations omitted). Additionally, for a factual dispute to be material, it must have an effect on the outcome of the suit. *Id.* In reviewing and evaluating the evidence to rule upon a motion for summary judgment, the court must "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the" non-moving party. *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014) (internal quotations omitted). However,

---

[2] Other than Ms. Coleman's testimony in this case, the Google reviews and PHRC complaints made by other guests are considered hearsay and cannot be considered by the Court for Summary Judgment purposes. *See Smith v. Allentown*, 589 F.3d 684, 693 (3d Cir. 2009) ("Hearsay statements that would be inadmissible at trial may not be considered for purposes of summary judgment.").

where "the non-moving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,'" the moving party is entitled to judgment as a matter of law. *Moody*, 870 F.3d at 213 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

"The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a jury verdict." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "Discredited testimony is not normally considered a sufficient basis for drawing a contrary conclusion. Instead, the plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Id.* at 256-57 (internal citation omitted). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (internal citations omitted). Judges are not "required to submit a question to a jury merely because some evidence has been introduced by the party having the burden of proof, unless the evidence be of such a character that it would warrant the jury in finding a verdict in favor of the party." *Id.* at 251 (internal citation omitted).

**III.     Discussion**

**IV.     Prima Facie Case under § 1981**

Ms. Kinnard brings a §1981 claim against Defendants.

Section 1981 provides as follows:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a). § 1981 discrimination cases, even if they do not involve employment, follow the burden shifting framework established in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792. *Calhoun v. TJM Trevosse, LLC*, 2023 WL 5208853, (E.D. Pa. 2023). Under the *McDonnell Douglas* framework, Ms. Kinnard must first establish a prima facie case for discrimination. *Anderson v. Wachovia Mortg. Corp.,* 621 F.3d 261, 270-71 (3d Cir. 2008). If Ms. Kinnard can establish a prima facie case, then Defendants can offer a legitimate, nondiscriminatory reason for their conduct. *Id.* Ms. Kinnard must then offer evidence to show that Defendants' legitimate non-discriminatory reason was pretextual. *Id.* To establish a prima facie case of discrimination under § 1981, Ms. Kinnard must show: (1) that she belonged to a racial minority; (2) Defendants' intended to discriminate based upon Plaintiff's race; and (3) discrimination concerning one or more of the activities enumerated in § 1981, including the right to make and enforce contracts. *See Brown v. Philip Morris, Inc.*, 250 F.3d 789, 797 (3d Cir. 2001). Defendants argue that Ms. Kinnard cannot establish a prima facie case for race discrimination under § 1981, because no contract terms existed, and Ms. Kinnard fails to establish that Defendants intentionally discriminated against her because of her race. (ECF No. 41, at 4-12). Defendants further argue that even if this Court finds that Ms. Kinnard can establish a prima facie case, they had a legitimate, non-discriminatory reason for their conduct and Ms. Kinnard fails to establish that said reason was pretextual. (*Id.*). Ms. Kinnard argues that she has established that genuine issues of material fact exist that she can establish a prima facie case for race discrimination under § 1981. (ECF No. 44, at 6-14).

i. **Existence of a Contract**

Defendants argue that no contractual relationship with sufficiently definite terms existed between Ms. Kinnard and Comfort Inn, because her initial reservation and payment therefor at

the Comfort Inn, ended on September 21, 2021, the day she was asked to leave for refusal to pay for an extension of her stay. (ECF No. 41, at 4-6). Ms. Kinnard argues that a contractual relationship did exist, because Ms. Kinnard was scheduled to stay at the hotel until September 21, 2021 and intended to extend her stay. (ECF No. 44, at 13-18).

"Section 1981 offers relief when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship, so long as the plaintiff has or would have rights under the existing or proposed contractual relationship." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476, 126 S. Ct. 1246, 1250 (2006). To show that a contract existed, a plaintiff must establish terms "sufficiently definite to be specifically enforced." *ATACS Corp. v. Trans World Communications, Inc.*, 155 F. 3d 659, 665 (3d Cir. 1998); *Garnet Mine, LLC v. Brandolini*, 158 F. Supp. 2d 580, 584 (E.D. Pa. 2001("...Pennsylvania contract formation law is governed by the following inquiries: `(1) whether both parties manifested an intention to be bound by the agreement; (2) whether the terms of the agreement are sufficiently definite to be enforced; and (3) whether there was consideration') (citations omitted).

Here, it is undisputed that Ms. Kinnard was the beneficiary of a contract with Comfort Inn to remain at the hotel until at least September 21, 2021. Ms. Coleman also testified that she "kn[e]w personally [Ms. Kinnard] had days left paid for." (ECF No. 45-2, at 23). Further, the record evidence shows that Ms. Kinnard was attempting to extend her stay at the Comfort Inn, which is conduct that is protected under § 1981, because under the circumstances, an extension of her stay at the Comfort Inn would be an extension of a contract that had already been created and she "would have had rights under the . . . proposed contractual relationship." *Domino's Pizza*, 546 U.S. at 476. According to Mr. Saleem, the owner of Comfort Inn, it was "obvious that [Ms.

6

Kinnard] was looking for an extension" when she was asked to leave the Comfort Inn. (ECF No. 46, at ¶ 28); (ECF No. 48, at ¶ 28). The record evidence shows that, when she was called down and asked to provide payment for her room to extend her stay, Ms. Kinnard was attempting to extend her stay. Ms. Kinnard was attempting to extend an existing contractual relationship with the Comfort Inn. Thus, Ms. Kinnard was the beneficiary of a contractual relationship with Comfort Inn, or she was at least attempting to form a contractual relationship to extend her stay, which is protected under § 1981.

### ii. Intentional Discrimination

Having established that a contractual relationship existed which was protected under § 1981, the Court must determine whether a genuine issue of material fact exists that Comfort Inn discriminated against Ms. Kinnard *because of* her race. Section 1981 can only be violated by intentional discrimination, also known as "disparate treatment." *Gen. Bldg. Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 391 (1982). To prove a § 1981 claim, "a plaintiff must prove intentional discrimination, which can come with direct or indirect evidence." *Calhoun v. TJM Trevose*, LLC, 2023 WL 5208853, at *3. A plaintiff "must initially plead and ultimately prove that, but for race, [she] would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of Afr. Am. Owned Media*, 140 S. Ct. 1009, 1019 (2020). This is different from the motivating factor test that is permitted to be used in Title VII cases. *Id.* at 1014-15.

In this case, the record evidence may raise a question of whether Ms. Kinnard's race was a motivating factor for Comfort Inn asking Ms. Kinnard to leave the premises; however, the record evidence does not raise any question of material fact that Ms. Kinnard's race was the but-for reason for Comfort Inn's request that Ms. Kinnard leave the hotel. Showing that race was the but-for reason for a defendant's conduct is required to establish a § 1981 claim for

discrimination. *See Comcast Corp.*, 140 St. Ct. at 1019. The record evidence shows that Ms. Kinnard was asked to leave the hotel because she refused to pay to extend her stay, which caused a scene through her argument with Ms. Costabile. This is underscored by the fact that Mr. Saleem stated that, if Ms. Kinnard had not been asked to leave the hotel she could have continued to stay as it "was obvious that she was looking for an extension." (ECF No. 46, at ¶ 28); (ECF No. 48, at ¶ 28). Further, Mr. Saleem testified that Ms. Kinnard could have stayed another night at the Comfort Inn if she had paid to do so. (*Id.* at 18). Clearly, the record evidence supports the conclusion that, absent payment to extend, there was no consideration for any contract for Ms. Kinnard to extend her stay at the Comfort Inn. The lack of consideration element defeats any but-for discriminatory basis for any § 1981 claim.

As regards the evidence of the use of any racial slur, Ms. Kinnard was not called the n-word until after she had been asked to leave the hotel. The sequence of the events that transpired on September 21, 2021 does not create any genuine issue of material fact that Ms. Kinnard's race was the but-for reason, as is required for a § 1981 claim. Further, even if the Court were to consider all the other alleged instances of discrimination at the Comfort Inn, including the inadmissible hearsay reports offered by Ms. Kinnard, Ms. Kinnard would still not sufficiently establish a record to create any genuine issue of material fact that Ms. Kinnard's race was the but-for reason for Comfort Inn's conduct on September 21, 2021. Ms. Kinnard has not met her burden to establish a prima facie case for her § 1981 race discrimination claim. As such, Defendants' Motion for Summary Judgment, as to Ms. Kinnard's § 1981 claim, will be granted.[3]

V.  **Conclusion**

---

[3] Since Ms. Kinnard cannot establish a prima facie case for a § 1981 discrimination claim, the Court need not discuss whether Choice Hotels had apparent authority over Comfort Inn in this case.

For the reasons above, Defendants' Motion for Summary Judgment will be granted. Judgment will be entered in favor of Defendants and against Plaintiff. The Clerk will mark this case as closed.

DATE: July 8, 2025

Marilyn J. Horan
United States District Judge